Duncan, J.
delivered the opinion of the Court.
The defendant was indicted for perjury, in taking a false oath in an answer to a bill in chancery. The indictment only professes to set out so much of the bill as to which the alleged false oath applies, and so much only of the answer as embraced the matter containing the alleged false oath. In other words, the whole bill, answer, and other proceedings in the cause, in which the alleged false swearing occurred, is not set out in the indictment ; but the indictment conforms very closely to the precedents given of indictments for perjury under the British statute of 23 Geo. 2.
The defendant demurred to the indictment; and the Circuit Court adjourned as novel and difficult, with the consent of the defendant, the question, what judgment ought to be rendered on the demurrer: and we are informed by the Judge who adjourned the cause, that the main purpose of the adjournment was to ascertain from this Court, whether the form of indictments in this State for perjury was in any wise influenced by the statute of the 23 George 2, or whether the common law requisites for the structure of such an indictment was to furnish the rule.
• This Court is of opinion, that the statute of the 23 George 2, has no force in Virginia; and can in no wise change the common law rules in this respect. And this Court is further of opinion, that the indictment in this case is not a good indictment at the common law, because it ought at least to have set out the entire bill and *581 answer in the cause in which the alleged false oath was taken. This Court does not design to point out all the requisites of a good indictment for perjury, in a case like this, but only to decide that for the reason stated, this indictment is insufficient, and the demurrer to it ought to be sustained.
Which is ordered to be certified to the Circuit Superior Court of Law and Chancery for the county of Harrison.
Demurrer sustained.